UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY HARDY,

                Plaintiff,

v.

K. JONES, *et al.*,

                Defendants.

Case No. 25-12718
Honorable Robert J. White
Magistrate Judge Elizabeth A. Stafford

## ORDER STRIKING PLAINTIFF'S IMPROPER FILINGS
### (ECF NOS. 35, 40 & 41)

Plaintiff Gregory Hardy sues under 42 U.S.C. § 1983.  This case was referred to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 15.

The Court strikes three of Hardy's improper filings.  Federal Rule of Civil Procedure 7(a) authorizes parties to file various pleadings, limited to: a complaint; an answer to a complaint; an answer to a counterclaim; an answer to a crossclaim; a third-party complaint; an answer to a third-party complaint; or, if the court orders one, a reply to an answer.  Parties may also file motions that "state with particularity the grounds for seeking" a court order.  Fed. R. Civ. P. 7(b).  And the Court's local rules permit parties to file responses and replies to motions.  E.D. Mich. LR 7.1(d).

Hardy filed a "Supplemental Notice" in support of his "Omnibus Motion for Counsel" without seeking leave to do so.  ECF No. 35.  Thus, the Court **STRIKES** this unauthorized filing.

Hardy also filed a "Notice of Filing Supplemental Exculpatory Evidence" and an "Amended Notice Of Clarification Regarding Video Evidence And Identification Of Officers" on the docket.  ECF No. 40; ECF No. 41.  Because these documents are not motions or other filings authorized under Rule 7 or the local rules, the Court **STRIKES** them.

The Court also **WARNS** Hardy that he will face sanctions if he clogs the docket with improper filings.  "Every paper filed with the Clerk of this court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources.  A part of the court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *Moore v. Hillman*, No. 4:06-CV-43, 2006 WL 1313880, at *4 (W.D. Mich. May 12, 2006).  Hardy's pro se status does not give him license "to clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Bradley v. Wallrad*, No. 1:06 cv 246, 2006 WL 1133220, at * 1 n.2 (S.D. Ohio Apr. 27, 2006) (cleaned up).  The sanctions

that Hardy may face include (1) involuntary dismissal with prejudice;[1] and

(2) revoking the plaintiff's IFP status in this case.[2]

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: March 11, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file

objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The

district judge may sustain an objection only if the order is clearly erroneous

or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a**

**magistrate judge's ruling on a non-dispositive motion, the ruling**

**remains in full force and effect unless and until it is stayed by the**

**magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

---

[1] See *Bradley J. Delp Revocable Tr. v. MSJMR 2008 Irrevocable Tr.*, 665 F. App'x 514, 520 (6th Cir. 2016).

[2] See *Youn v. Track, Inc.*, 324 F.3d 409, 420 (6th Cir. 2003); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Molter v. Trinity Health*, ___ F. Supp. 3d ___, 2025 WL 3295122, at *4 (E.D. Mich. Nov. 26, 2025).

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served on counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 11, 2026.

<u>s/Caitlin Shrum</u>
CAITLIN SHRUM
Case Manager