UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY HARDY,

Plaintiff,

v.

K. JONES, *et al.*,

Defendants.

Case No. 25-12718
Honorable Robert J. White
Magistrate Judge Elizabeth A. Stafford

---

**ORDER STRIKING PLAINTIFF'S MOTION
AND GIVING A FINAL WARNING OF SANCTIONS
(ECF NO. 33)**

---

Plaintiff Gregory Hardy, proceeding pro se and in forma pauperis,

sues under 42 U.S.C. § 1983.  The case was referred to the undersigned

for all pretrial matters under 28 U.S.C. § 636(b)(1).[1]  ECF No. 15.

Hardy moved in February 2026 to consolidate this case with two

others he filed.  ECF No. 33.  He filed the same motion in the other cases.

*Hardy v. Whitaker*, 24-11270, ECF No.218; *Hardy v. GCCARD*, Case No.

---

[1] The Court recommended dismissing all but the excessive force and
Fourth Amendment claims against four Flint police officers.  ECF No. 32.
The report and recommendation remains pending.  *Id.*

1

24-11190, ECF No. 77.   In support of those requests, Hardy's motion states that, in "Berndt v. Tennessee, 796 f.2d 879, 882 (6th Cir. 1986), the Sixth Circuit held that when a court has 'reason to believe' a litigant suffers from mental issues, it is an abuse of discretion to dismiss for failure to follow rules without first addressing capacity."  ECF No. 33, PageID.373. But the *Berndt* opinion neither includes the quoted language "reason to believe" nor addresses the dismissal of cases brought by litigants with mental issues.

Hardy's brief also states that, under "United States v. Frazier, 584 F.2d 790, 794 (6th Cir. 1978), a judge may not act as an 'amateur psychologist.'"  ECF No. 33, PageID.374.  But again, the quoted phrase "amateur psychologist" appears nowhere in the *Frazier* opinion, and that criminal case does not address the issues raised in Hardy's motion.

Thus, Hardy's motion to consolidate includes fake quotations, likely the result of him using regenerative artificial intelligence (AI).  And the motion was filed *the month after* this Court recommended in a report and recommendation (R&R) that Hardy be sanctioned, reasoning in part that he used fake citations in a motion for summary judgment.  Case No. 24-cv-11270, ECF No. 211, PageID.2395-2396; *Hardy v. Whitaker*, ___ F.R.D. ___ 2026 WL 575225, at *8 (E.D. Mich. Mar. 2, 2026) (combined R&R and

2

opinion adopting the R&R).  The R&R explained, "Courts and opposing counsel are [ ] burdened by the careless use of AI by pro se filers."  *Hardy v. Whitaker*, ___ F.R.D. ___ 2026 WL 575225, at *10.  Hardy apologized for his "inclusion of inaccurate citations generated by an AI tool" in his objection to the R&R.  Case No. 24-cv-11270, ECF No. 213, PageID.2430.  But he repeated the offense in his motion to consolidate.

More recently, the Sixth Circuit emphasized that the "even a single fake case can be sanctionable" and that "citing fake cases can harm the reputation of judges and courts whose names are falsely invoked as authors of the bogus opinions and the reputation of a party attributed with fictional conduct."  *Whiting City of Athens Tennessee*, ___ F. 4th ___, 2026 WL 710568, at *4 (6th Cir. Mar. 13, 2026) (cleaned up).  Thus, district courts may sanction the misuse of AI under Federal Rule of Civil Procedure 11 and their inherent authority.  *Id.* at *5.

Hardy's misuse of AI in his motion to consolidate is not his only repeat transgression.  The R&R in *Hardy v. Whitaker* also discussed how he had filed umpteen frivolous motions and clogged the docket with improper filings.  *Hardy v. Whitaker*, ___ F.R.D. ___ 2026 WL 575225, at *4-*7, *12-*13.  Earlier this month, this Court struck three of Hardy's improper filings in this case.  ECF No. 42 (striking ECF No. 35; ECF No.

3

40; ECF No. 41). And because Hardy's motion to consolidate falsely claimed that this Court has a duty to address his mental capacity, the motion is frivolous.

Thus, the Court **STRIKES** Hardy's motion (ECF No. 33) and gives him a **FINAL WARNING** that this Court will recommend that sanctions that include the involuntary dismissal of this case be imposed if he misrepresents cases or includes fake citations in future briefs or motions, or if he files improper documents.

**IT IS SO ORDERED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: March 23, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a**

**magistrate judge's ruling on a non-dispositive motion, the ruling**

**remains in full force and effect unless and until it is stayed by the**

**magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 23, 2026.

<u>s/Caitlin Shrum</u>
CAITLIN SHRUM
Case Manager