UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| GREGORY HARDY,<br><br>Plaintiff,<br><br>v.<br><br>K. JONES, et. al,<br><br>Defendant(s). | Case No. 25-cv-12718<br><br>Honorable Robert J. White |

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

I. Introduction

This case represents one of many filed by the Plaintiff, Gregory Hardy, proceeding *pro se* and *in forma pauperis*. Indeed, after filing this immediate case, the Plaintiff was enjoined in *Hardy v. Whitaker*, 351 F.R.D. 84, 92 (E.D. Mich. 2026) from filing further cases in the Eastern District of Michigan without leave of court.

In the current case, Plaintiff alleges claims under both 42 U.S.C. § 1983 and § 1985 against several Defendants including Flint Police Department ("FPD") officers (Defendant's K. Jones, Villarreal, G. Jones, Caleb Mills, Jessie Irkhe, Brennan Glazier, and Christina Arthur), two Genessee County Sherriff's Department officers (Defendants Fuller and Bennett), three private individuals from his

neighborhood (Defendants Kimar Preston Barnett, Jamie Melynn Davis, and Tony Howard), and two Genessee County Animal Control employees (Defendants Jay Parker and Danielle Macko).

The Plaintiff's ten-count complaint is scattershot and often hard to understand, but the central dispute appears to have arisen when the Plaintiff's neighbors called emergency services and, allegedly, defamed him in such a manner that caused Flint police officers to falsely arrest and assault him. (ECF No. 24, PageID.233–38).

Before the Court is Magistrate Judge Elizabeth A. Stafford's report and recommendation field on January 29, 2026. (ECF No. 32). The report recommends *sua sponte* dismissal of all claims "except the § 1983 excessive force claims against [Defendants] Jessie Irkhe, Brennan Glazier, and Christina Arthur in Count 2; and the § 1983 Fourth Amendment[1] claims against [Defendants] Irkhe, Glazier, and Caleb Mills in Count 2." (ECF No. 32, PageID.352–53). The Plaintiff timely objected to

[1] It is initially unclear from the report what Fourth Amendment claims the Magistrate Judge believes survive screening, other than the excessive force claims. From the report, it seems that the other Fourth Amendment claim the Magistrate Judge refers to is an illegal search claim. (ECF No. 32, PageID.359). The Magistrate Judge says that this claim is raised in count two. (*Id.* at PageID.353). But under count two Plaintiff only alleges constitutional violations for false arrest, excessive force, and conspiracy. (ECF No. 24, PageID.250). Yet he does somewhat nebulously state a general "[v]iolation() of the Fourth Amendment" claim. (*Id.*). So it appears that the Magistrate Judge credited the Plaintiff with raising an illegal search claim and that is the additional Fourth Amendment claim that the report believes survives screening.

the report and recommendation pursuant to Fed. R. Civ. P. 72(b)(2). (ECF No. 37). The Defendants did not respond.

But while the report was awaiting this Court's review the Plaintiff continued to file motions; the most pertinent for this opinion was his May 2026 "Motion for Leave to File Third Amended Complaint." (ECF No. 52). But this motion's title is a misnomer. Indeed, ECF No. 52 represents what would be the fifth complaint in this case. Plaintiff filed his initial complaint in August of 2025, (ECF No. 1), then filed an amended complaint on September 18, 2025, (ECF No. 6). However, he then proceeded to file another amended complaint, which he entitled "First Amended Complaint," just four days later without seeking leave of court. (ECF No. 7). Confusingly, it appears that he may have intended this filing to be a resubmission of his other amended complaint, (*id.* at PageID.82), but that makes little sense considering that the plaintiff appears to have added a new party as a Defendant, Bennett, (*id.* at PageID.62), and several additional claims, (*id.* at PageID.64–5). Regardless, this second amended complaint was not struck from the record by this Court's predecessor.

But Plaintiff was not done there. In December of 2025 he filed a motion seeking leave to file yet another amended complaint. (ECF No. 21). A day later, the Plaintiff and Defendants stipulated to allow him to file another amended complaint. (ECF No. 23). Two days after that the Plaintiff filed what he entitled his "Second

Amended Complaint," which is really the fourth complaint he's filed in this case. (ECF No. 24).

Considering this protracted filing history, the Magistrate Judge was tasked with deciding whether to grant the Plaintiff's newest motion to amend. But before she even made her decision another problem arose. Plaintiff filed a reply to the Defendant's response that was several pages over the filing limit under E.D. Mich. LR 7.1(d)(3)(B), (ECF No. 54), so the Magistrate Judge struck it, (ECF No. 55). The Plaintiff then timely objected to the Magistrate Judge's order striking his reply brief. (ECF No. 57). It wasn't until after all this had occurred that the Magistrate Judge dealt with the merits of the Plaintiff's motion to amend, which she denied, (ECF No. 58), and the Plaintiff again timely objected to, (ECF No. 59).

Because granting the Plaintiff's motion to amend would necessarily impact whether the report need be adopted, denied, or modified, the Court will also review the Plaintiff's objections to both the Magistrate Judge's order striking his reply brief and his objections to her order denying his motion to amend.

For the following reasons, the Court will (1) overrule all the Plaintiff's objections to the Magistrate Judge's orders both striking his reply brief and denying his motion to amend, (2) overrule all the Plaintiff's objections to the Magistrate Judge's report and recommendation, (3) adopt the report and recommendation, and (4) dismiss all Defendants except Defendants Irkhe, Glazier, Arthur, and Mills.

II. Background

Since Plaintiff does not object to Magistrate Judge's factual summary, the Court finds that the recitation of the underlying allegations is accurate, and it will adopt the Magistrate Judge's summary of those allegations as they appear in the report and recommendation. (ECF No. 32, PageID.353–54).

III. Legal Standard

District judges review *de novo* any part of the magistrate judge's recommended disposition "that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). But this only applies to dispositive motions. *See* Fed. R. Civ. P. 72(b)(3).

Non-dispositive motions are governed by Federal Rule of Civil Procedures 72(a). Civil Rule 72(a) requires district judges reviewing a magistrate judge's orders on non-dispositive, pre-trial matters to "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see also Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) ("Under 28 U.S.C. § 636(b)(1)(A), a district court may 'reconsider' a magistrate judge's decision on a non-dispositive, 'non-excepted, pending pretrial matter' only if it is 'clearly erroneous or contrary to law.'" (quoting *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993)).

IV. Analysis

*A. Plaintiff's Objections to Magistrate Judge's Order Striking His Reply Brief*

Begin with the Plaintiff's objections to the Magistrate Judge's order which struck his non-compliant reply brief. He argues that (1) striking his entire reply brief or a "technical error" was unduly harsh and a "less drastic remedy" should have been applied, (ECF No. 57, PageID.542), (2) that he was not "repeatedly warned," as the Magistrate Judge asserted, before his reply brief was struck, (*id.* at PageID.543), (3) that the Magistrate Judge relied on a history of "flooding the docket" which improperly cross-referenced his previous case in *Hardy v. Whitaker*, (*id.*), and (4) that the order holds the Plaintiff, who is *pro se*, to too high of a "[h]yper-[t]echnical [s]tandard," (*id.* at PageID.544). All four arguments are frivolous.

Under E.D. Mich. LR 7.1(d)(3)(B), a reply brief is not to exceed seven pages. But the Plaintiff's brief came in at twelve, and he did not seek leave to file an oversized brief. (ECF No. 54 (Sealed)). Furthermore, this was not the first time that the Plaintiff had filed improper documents with the Court in this case. In a previous order striking another one of the Plaintiff's motions, the Magistrate Judge noted that the Plaintiff had used "fake quotations" which likely were the result of some form of generative AI.[2] (ECF No. 46, PageID.442). The Plaintiff was warned that he risked

---

[2] Indeed, in his previous case, *Hardy v. Whitaker*, this Court's predecessor adopted a report and recommendation from the Magistrate Judge in which it was determined that the Plaintiff had used generative AI to hallucinate fake citations. *Hardy*, 351 F.R.D. at 96.

sanctions up to the involuntary dismissal of the case if he continued to "misrepresent() cases or include() fake citations in future briefs or motions, or if he files improper documents." (*Id.* at PageID.444). And he filed an improper document when he filed his enlarged reply brief without seeking leave of court. Additionally, district courts have broad case management discretion, and that applies to the actions of the Magistrate Judge. *See Ball v. Tilton*, No. 21-3936, 2022 WL 1102027, at *3 (6th Cir. Apr. 13, 2022). Thus, it was within the authority of the Magistrate Judge to strike the Plaintiff's non-compliant reply brief.

None of the first three of the Plaintiff's objections come close to addressing this analysis, and more or less represent particular gripes with the Magistrate Judge's lack of leniency or perceived bias because she referenced his previous case. But the standard for reversing the Magistrate Judge on this non-dispositive motion is clear error, and none of the Plaintiff's first three objections would represent clear error even if true. Thus, there is no point in going through them one-by-one, especially because the Court has determined that the Magistrate Judge was within her proper authority to strike the Plaintiff's non-compliant brief.

The fourth objection does deserve some special attention only due to the Plaintiff's *pro se* status. He appears to believe that, as a *pro se* litigant, he deserves a lesser stringent procedural standard. That is not the case. Indeed, the Sixth Circuit has been clear: "while *pro se* litigants may be entitled to some latitude when dealing

with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Keeping a brief within the designated page limits as set by this district is a straightforward procedural requirement. The Plaintiff must comply with this simple rule. Therefore, all Plaintiff's objections are overruled and the Magistrate Judge did not clearly err in striking his reply brief, (ECF No. 54 (Sealed)).

*B. Plaintiff's Objections to Magistrate Judge's Order Denying His Motion to Amend*

Next, turn to the Plaintiff's objections concerning the Magistrate Judge's order denying his motion to amend. These too will be overruled.

Plaintiff's objections are sometimes unclear and seem to overlap with one another, but, on first blush, it appears that he argues (1) that this is only his third attempt to amend, rather than his fifth, and that the Magistrate Judge improperly brought up his prior amendments in *Hardy v. Whitaker*, (ECF No. 59, PageID.563), (2) that delay alone is no reason to deny leave to amend, (*id.* at PageId.564), (3) that the Magistrate Judge "falsely calculates '[u]ndue [d]elay'" by including time that was outside of the Plaintiff's control, including serving the Defendants, (*id.* at PageID.564–65), and, as relevant to objections (4) and (5), that the Magistrate Judge

improperly disregarded "[n]ewly [d]iscovered" body camera evidence, (*id.* at PageID.566–67). Each objection will be handled in turn.

Generally, a court "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *accord Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). But justice does not require leave to amend in the presence of "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, [or] futility of amendment." *Klein ex rel. Klein v. Caterpillar Inc.*, 581 F. Supp. 3d 912, 918 (E.D. Mich. 2022) (quoting *Glob. Lift Corp. v. Hiwin Corp.*, No. 14-CV-12200, 2016 WL 5476238, at *3 (E.D. Mich. Sept. 29, 2016)). To that end, the decision to grant or to deny leave to amend is "left to the sound discretion of the trial judge." *Id.* (quoting *Glob. Lift Corp.*, 2016 WL 5476238, at *3).

Starting with the first objection, as the Court has already explained, granting the Plaintiff's motion to amend *would* have allowed him to file a fifth complaint, not his third. Plaintiff seems to believe that the Magistrate Judge was confused and prejudiced by his previous amendments in *Hardy v. Whitaker*. (*See* ECF No. 59, PageID.562–64). While it is true that the Magistrate Judge made reference to his numerous motions to amend in his previous case, (*see* ECF No. 58, PageID.548), in

no way did these motions in his companion case impact the Magistrate Judge's legal calculus.

Indeed, the Magistrate Judge made clear her reasoning in denying his motion: "the [c]ourt denies [Plaintiff's] motion to amend based on undue delay, his repeated failure to cure deficiencies in his complaints, and his moving target approach to this litigation." (*Id.* at PageID.556). As the Magistrate Judge explained, the Plaintiff's newest amended complaint would bring new claims against the existing Defendants and add the City of Flint as a Defendant. (*Id.* at PageID.553–54); (*see generally* ECF No. 52-1). But the Plaintiff provides no reasons for why he failed to include either the City of Flint or the additional claims against the current swath of fourteen Defendants in any of his previous complaints. Additionally, it had been ten months since the Plaintiff had filed his first complaint till the time that his newest motion to amend was filed. (ECF No. 58, PageID.555). Considering the number of amended complaints the Plaintiff had filed, coupled with the length of time the pleadings had undergone, it was well within the Magistrate Judge's authority to deny his motion to amend and file a fifth complaint.[3]

[3] The Magistrate Judge also noted that the Plaintiff's motion should also be denied as futile but declined to "expend the judicial resources to address each proposed count," (ECF No. 58, PageID.556), so the Court will not address any futility arguments here.

With that being said, the Plaintiff's second and third objections necessarily fail. First, the Magistrate Judge did not deny his motion to amend solely because of undue delay but additionally because of his repeated failure to cure deficiencies in his pleadings and for his "moving target" approach to litigation. (*Id.* at PageID.556). Additionally, even if the Plaintiff was correct that the Magistrate Judge had "miscalculated" undue delay by improperly considering the time that the Defendants were being served in the ten months since he filed his original complaint, it would not have changed the fact that the Magistrate Judge was within her authority to deny his motion for his continuous failure to cure his pleadings. Thus, neither of these objections represent clear error, and they are overruled.

Finally, the Plaintiff's objections four and five will also be overruled. The actual argument for these two objections is hard to decipher, but it appears that the Plaintiff believes that the Magistrate Judge improperly disregarded the newly discovered body camera evidence. (ECF No. 59, PageID.567–68). But the Magistrate Judge did not conclude that the body cam evidence lacked total evidentiary value. Instead, she found that the plaintiff failed to explain why the footage warranted further amendment of his complaint because he neither clarified how this new evidence impacts the viability of any of his claims, nor does he explain when this evidence was discovered. (ECF No. 58, PageID.555). In response, Plaintiff argues that the newly discovered body camera evidence "directly supports vital, core

constitutional claims, including failure to train and false arrest." (ECF No. 59, PageID.567). But, even if the body cam evidence further *supports* some of his claims, it does not mean, and Plaintiff does not claim, that these claims *rely* on the body camera evidence such that an amendment to the Plaintiff's proceedings are necessary. Indeed, Plaintiff does not argue that his newly asserted claims depend on facts revealed for the first time in the body cam footage. (*See generally* ECF No. 52). And, even if it did, Plaintiff still has not explained *when* this evidence came to light. Therefore, there is nothing clearly erroneous about the Magistrate Judge's order denying his motion to amend, and all Plaintiff's objections are overruled.

*C. Plaintiff's Objections to Magistrate Judge's Report and Recommendation*

Finally, turn to the Plaintiff's objections to the Magistrate Judge's report and recommendation. These too will be overruled.

Again, Plaintiff's objections are many, at times difficult to decipher, and appear to overlap with one another. Indeed, there are eleven total objections, but they appear to fall within five categories: (1) that the Magistrate Judge improperly relied on his medical history instead of evaluating the complaint itself, (2) that the Magistrate Judge improperly relied on his previous litigation history in determining that this filing was frivolous and that any injunction in future filing is either an extreme remedy or overbroad, (3) that the Magistrate Judge applied the wrong legal standard under §1915 and equated frivolousness with a failure to state a claim, (4)

that there is a pending mandamus petition at the Sixth Circuit previously filed in this case so the Court should wait to review the report and recommendation, and (5) that the Magistrate Judge misapplied the excessive force standards. (*See generally* ECF No. 37). Each category will be handled in turn.

Starting with the first two categories, there is no basis for them in the report. The Magistrate Judge has not referenced even one time the Plaintiff's medical history in her report or any filing which the Court has reviewed for this opinion. Therefore, it is not possible to conclude that Plaintiff's medical history, whatever he might be referencing, affected the Magistrate Judge's judgment in this case. Similarly, the Magistrate Judge did not recommend a filing injunction in this case, but rather in the Plaintiff's companion case, *Hardy v. Whitaker*. And as the Court has already noted, Plaintiff was enjoined in *that* case from future filings. The Magistrate Judge also did not recommend dismissal in *this* case because of the Plaintiff's vexatious filing history but rather went through a detailed analysis of all his claims to determine which ones survived screening under §1915. Thus, both categories of objections are nonresponsive to the report.

Turning to category three, this objection also fails. Seemingly the Plaintiff's argument amounts to his belief that the Magistrate Judge confused a dismissal for frivolousness with a dismissal for a failure to state a claim. (*See* ECF No. 37, PageID.396). But the Magistrate Judge specifically recommended dismissal under §

1915(e)(2)(B) for a failure to state claim, not for frivolousness. (*See* ECF No. 32, PageID.368). So this objection is also overruled.

Move to the fourth category of objections. Plaintiff believes that this Court should abstain from reviewing the Magistrate Judge's report pending petition for writ of mandamus, (ECF No. 36), he filed with the Sixth Circuit regarding the Magistrate Judge's refusal to appoint him counsel and because the Magistrate Judge did not recuse herself from his case. But this Court is not deprived of jurisdiction over the Plaintiff's case because he has filed a petition for a writ of mandamus. *See Hubbard v. Midland Credit Mgmt., Inc.*, No. 1:05-CV-0216-DFH-TAB, 2009 WL 2148131, at *1 (S.D. Ind. July 16, 2009) ("The filing of a petition for a writ of mandamus does not divest this district court of jurisdiction, nor does its pendency have the effect of staying proceedings in the district court."); *see also Nascimento v. Dummer*, 508 F.3d 905, 910 (9th Cir. 2007) ("petitions for extraordinary writs do not destroy the district court's jurisdiction in the underlying case."); *Eidex Fam. P'ship, L.P. v. Just.*, No. C-08-1173 EMC, 2009 WL 1089458, at *2 (N.D. Cal. Apr. 21, 2009) ("While a district court is divested of jurisdiction upon a notice of appeal of a final judgment…a petition for a writ of mandamus does not destroy the district court's jurisdiction in the underlying case.") (internal citations omitted). So this category of objections necessarily fails as well.

On the surface, the last category of objections is the only one to deal with the substance of the Magistrate Judge's report. Plaintiff argues that the Magistrate Judge misapplied the excessive force standards. (ECF No. 37, PageID.399). He argues that the use of "wrap" restraints "become() excessive force if applied in a way that causes unnecessary injury," which the Plaintiff specifies was nerve damage in his case. (*Id.*) It's unclear, but it seems that Plaintiff is alleging that officers put him in these restraints after he "knocked on [his] cell glass door to retrieve a mattress." (*Id.*) These factual allegations were never presented in the Plaintiff's operative complaint. Instead, the operative complaint alleges that Officers Irkhe, Glazier, and Arthur forcibly pulled him over a fence despite his repeated warnings that preexisting spinal injuries and foot drop prevented him from climbing it. (ECF No. 24, PageID.237–38). Rather, the "wrap" restraint allegations appear to be from his prior case, *Hardy v. Whitaker*. *See Hardy*, 351 F.R.D. at 90 ("Allegedly, the uses of excessive force included: (1) a threat of tasing after Plaintiff knocked on a glass door seeking a mattress, (2) being forced to remain in a "[w]rap suit" for 10-12 hours, (3) placing him in leg restraints, which Plaintiff allegedly told the Genesee County Defendants were too tight, but of which nothing was done…"). Therefore, this category of objection, too, is nonresponsive to the Magistrate Judge's report and is overruled.

***

In sum, the Plaintiff's objections to the Magistrate Judge's orders striking his reply brief and denying his motion to amend are both overruled. Additionally, his objections to the Magistrate Judge's report and recommendation are also overruled, and the Magistrate Judge's report will be adopted in full. Therefore, the only claims that remain are the Fourth Amendment excessive force claim against Defendants Jessie Irkhe, Brennan Glazier, and Christina Arthur, and the illegal search claims against Defendants Jessie Irkhe, Brennan Glazier, and Caleb Mills.

Accordingly, it is **ORDERED** that the Plaintiff's objections to the Magistrate Judge's order striking his reply brief (ECF No. 57) are **OVERRULED**.

Further, it is **ORDERED** that the Plaintiff's objections to the Magistrate Judge's order denying his motion to amend (ECF No. 59) are **OVERRULED**.

Further, it is **ORDERED** that the Plaintiff's objections to the Magistrate Judge's report and recommendation (ECF No. 37) are **OVERRULED**.

Further, it is **ORDERED** that the Magistrate Judge's report and recommendation (ECF No. 32) is adopted.

Further, it is **ORDERED** that Defendants K. Jones, Villarreal, G. Jones, Fuller, Bennett, Kimar Preston Barnett, Jamie Melynn Davis, Tony Howard, Jay Parker, and Danielle Macko are dismissed from the case.

Dated: August 7, 2026

s/Robert J. White
Robert J. White
United States District Judge