UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GREGORY HARDY,<br><br>Plaintiff,<br><br>v.<br><br>K. JONES, *et al.*,<br><br>Defendants. | Case No. 25-12718<br>Honorable Robert J. White<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER ISSUING A FINAL WARNING TO PLAINTIFF AND GRANTING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT (ECF NO. 71)**

Defendants move to strike Plaintiff Gregory Hardy's September 11, 2026, amended complaint, ECF No. 70, after Hardy failed to seek leave from the Court before his filing. ECF No. 71. The Honorable Thomas L. Ludington referred this case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 15.

Since filing this action in August 2025, Hardy has either amended or sought to amend his complaint five times. The Court has previously summarized the nature of this case and addressed Hardy's attempts at amending his complaint and explained that plaintiffs are often given only

three times to cure deficiencies in their pleadings. *See* ECF No. 58, PageID.553. And he has been repeatedly advised of the need to move for leave to amend his complaints under Federal Rule of Civil Procedure 15(a)(2). *Hardy v. Whitaker*, 351 F.R.D. 84, 94 (E.D. Mich. 2026); ECF No. 52; ECF No. 58. "Courts are especially inclined to deny a motion brought under Rule 15 if the moving party knew the facts on which the claim or defense sought to be added were based at the time the original pleading was filed and there is no excuse for his failure to plead them." *Springs v. Mayer Brown LLP*, No. 11-13518, 2013 WL 656465, at *2 (E.D. Mich. Jan. 31, 2013) (cleaned up); *see also McCray v. Carter*, 571 F. App'x 392, 399-400 (6th Cir. 2014).

Hardy claims that the Court gave him permission to file his new amended complaint without leave during the September 8, 2026, scheduling conference. ECF No. 72, PageID.656; ECF No. 61. But the Court granted no such permission. When setting the November 2026 deadline for Hardy to amend his pleadings, ECF No. 68, the Court addressed the many times that Hardy had already sought to amend his complaint. Indeed, the amended complaint at issue would be Hardy's fifth complaint in this case. ECF No. 1; ECF No. 6; ECF No. 7; ECF No. 24; ECF No. 70. Even so, the Court said that Hardy could seek to amend his

complaint again based on new information that he learned through discovery. At no time has the Court granted Hardy permission to bypass Rule 15 and amend his complaint without first seeking leave.

Hardy's claim that he believed that he had permission to file an amended complaint strains credulity. The Court clearly stated during the scheduling conference that he should seek to amend his complaint *only* if he learned new information through discovery. Hardy filed his amended complaint without leave two days later; he did not base his amended complaint on information that was new to him. ECF No. 70.

Hardy has filed dozens of lawsuits in federal court in the past 20 years. *See Hardy*, 351 F.R.D. at 93. But he continually asserts that he should be excused from following the procedural rules, and he claims here that the federal rules mandate substance over form. ECF No. 72, PageID.657. Hardy is wrong. "Although the pleadings and documents *pro se* litigants file are liberally construed and held to less stringent standards than the formal pleadings of lawyers, *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), *pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure." *Massengale v. Perhacs*, 811 F. Supp. 3d 902, 915 (N.D. Ohio 2025); *see also Deters v. Hammer*, 568 F. Supp. 3d 883, 887 (S.D. Ohio 2021) ("[P]ro se litigants must still comply with the

procedural rules that govern civil cases."). But because Hardy believes that he need not comply with the procedural rules, he "has continued to clog the docket with frivolous and improper filings." *Hardy*, 351 F.R.D. at 101.

The Court has already warned Hardy that it "will recommend that sanctions be imposed, including the involuntary dismissal of his complaint, if he continues to file improper documents or engage in other misconduct." ECF No. 55, PageID.535; *see also* ECF No. 46, PageID.444 (warning Hardy of sanctions "if he misrepresents cases or includes fake citations in future briefs or motions, or if he files improper documents."). **This is his final warning.**

Thus, the Court **GRANTS** defendants' motion and **STRIKES** Hardy's amended complaint. ECF No. 70.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: September 17, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The

district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 17, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager